UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN KETTER, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| MEDICREDIT, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

KEVIN KETTER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15210.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a debt collection company with headquarters located at 3 City Place Drive, Suite 690, St. Louis, Missouri 63141.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. The debt at issue, a MedExpress bill, arose out of transactions primarily for personal, family, or household purposes.

15. Beginning in January 2015 and continuing through August 2015, Defendant contacted Plaintiff on his cellular telephone.

16. Plaintiff has had this cellular telephone number for more than one year.

17. Plaintiff has only used this number as a cellular telephone number.

18. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

19. Plaintiff never provided permission to Defendant to call his cellular telephone number.

20. Further, in January 2015, Plaintiff instructed Defendant to stop calling him on his cellular telephone.

21. However, Defendant failed to update its records to cease calls to Plaintiff's cellular telephone.

22. Defendant called Plaintiff, on average, once a day.

23. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

24. At times, Plaintiff would be met with an automated voice asking him to press "1" in order to speak with someone, placed on hold for a few seconds and then a live representative would pick up.

25. Defendant's telephone calls were not made for "emergency purposes."

26. In its communications with Plaintiff, Defendant threatened to take legal action against Plaintiff if he did not pay the debt.

27. Upon information and belief, Defendant did not intend to take the action it threatened; rather, it made such statements to scare Plaintiff into making payment on the alleged debt.

28. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

29. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection

of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone.

## COUNT II

30. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA.

    a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    c. A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

    d.    Here, Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to take legal action against Plaintiff if he did not pay the alleged debt, when it did not intend to take the action it threatened.

## COUNT III

31.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling.

## COUNT IV

32.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a

consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial

communication with him.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

## COUNT V

33. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

34. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

35. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

36. Despite the fact that Plaintiff never consented to Defendant placing calls to him, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

37. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

38. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, KEVIN KETTER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

      f.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KEVIN KETTER, demands a jury trial in this case.

                              RESPECTFULLY SUBMITTED,

Date: 12-16-15                  By: */s/ Craig Thor Kimmel*
                                       CRAIG THOR KIMMEL
                                       Attorney ID No. 57100
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Fax: (877) 788-2864
                                       Email: kimmel@creditlaw.com